FILED

MAR 2 5 2008

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBALO M. EMBALO,

    Plaintiff,

v.                                Case No. 08-CV-11003

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES and UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S "APPLICATION TO PROCEED IN FORMA PAUPERIS" AND DISMISSING CASE

Plaintiff Robalo Embalo has filed a *pro se* complaint against Defendants United States Citizenship and Immigration Services ("USCIS") and United States Department of Homeland Security, in which he seeks permanent residence and two million dollars in damages. Also pending before the court is Plaintiff's application to proceed *in forma pauperis*. In his application, Plaintiff signed a statement asserting that he is unable to pay the costs associated with this proceeding. Therefore, the court is satisfied that Plaintiff should be permitted to proceed *in forma pauperis* and will grant his application.

Under 28 U.S.C. § 1915(e)(2), courts are required to screen *in forma pauperis* complaints to determine whether the complaint, or any portion of it, is frivolous, malicious, fails to state a claim for which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. The allegations against Defendants



will be dismissed under § 1915 because the court does not have subject matter jurisdiction over Plaintiff's claims.

Plaintiff alleges that he entered the United States in 1997 and married a native-born United States citizen. (Pl.'s Compl. at 1-2.) Plaintiff's wife filed a I-130 Petition for Alien Relative on Plaintiff's behalf, which was approved on December 15, 1998. (*Id.* at 2; I-130 Approval, Pl.'s Ex. B.) Although Plaintiff claims he filed an I-485 Application to Adjust Status on February 9, 1999, (Pl.'s Compl. at 1), he has attached a copy of his I-485, which he signed and dated "5-15-2006," (I-485, Pl.'s Ex. C). Plaintiff argues that although "the Immigration Judge issued an order to the USCIS/Detroit to adjust applicant's status," his I-485 application remains pending due to Defendants' "unnecessar[y] delay[s]." (Pl.'s Compl. at 2.)

In typical cases, when an individual files an I-485 adjustment of status application, the USCIS conducts several forms of background checks to ensure that the applicant is eligible to adjust status and that he is not a risk to national security or public safety. The three background checks include: (1) an FBI fingerprint check, which provides information regarding the applicant's criminal history, including arrests and prior convictions, (2) an Interagency Border Inspection System ("IBIS") check, which provides information from over twenty government agencies relating to persons who are wanted or under investigation for serious crimes or suspected of terrorism-related activity and (3) an FBI name check, which runs the applicant's name against investigative databases of the FBI.

Plaintiff has failed to allege or demonstrate which, if any, of these steps have been taken.[1] Nonetheless, only after all three checks are complete and current can USCIS adjudicate Plaintiff's application. Plaintiff has filed the instant action to compel Defendants to promptly adjudicate his application because Plaintiff alleges that the significant delay in adjudicating his I-485 application has resulted in substantial harm to him and his family. (Pl.'s Compl. at 2.)

Plaintiff's action is one among many cases filed across the country challenging the pace at which Defendants are adjudicating I-485 applications. The central issue of this case is whether this court has subject matter jurisdiction to entertain a claim that seeks to compel adjudication of an adjustment of status application. Plaintiff does not assert any basis for subject matter jurisdiction and merely refers generally to his "civil rights" and "due process." (*Id.*) Plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Hedgepath v. Kentucky*, 215 F.3d 608, 611 (6th Cir. 2000). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The court first observes that there is a split of authority concerning whether courts have subject matter jurisdiction to hear a claim seeking to compel adjustment of

---

[1] Plaintiff has enclosed appointment confirmations for three different appointments scheduled in February, June, and September 2007. Although these appointments indicate that Plaintiff's application has not been ignored, it is unclear whether these appointments relate to the above-mentioned background checks.

3

an application to adjust status. A number of federal district courts have concluded that the Attorney General does not have discretion to dictate the pace at which adjustment of status applications are processed, and thus, courts have subject matter jurisdiction to hear adjustment of status claims. See, e.g., Cao, et al. v. Upchurch, 496 F. Supp. 2d 569, 572 (E.D. Penn. 2007) (holding that delay in processing adjustment application was not a "judgment" for purposes of 8 U.S.C. § 1252(a)(B)(i), and applicants could seek relief under the APA); Liu v. Novak, 509 F. Supp. 2d 1, 6 (D. D.C. 2007) (holding that prohibition of the review of "decision[s] or action[s]" of DHS pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) only bars review of actual discretionary decisions, not the failure to render decisions); Tang v. Chertoff, 493 F. Supp. 2d 148, 156 (D. Mass. 2007) (holding that § 1252(a)(2)(B)(ii) does not address the discretion associated with the pace of processing).

A similarly sizeable number of courts have dismissed claims similar to Plaintiff's, concluding that 8 U.S.C. § 1252 grants the Attorney General discretion over the decision whether to grant an I-485 application *and* the attendant adjustment process - including the speed at which applications are adjudicated. See Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006); Chaudry v. Chertoff, No. 06-1303, 2006 WL 2670051 (D. Minn. Sept. 18, 2006); Espin v. Gantner, 381 F. Supp. 2d 261 (S.D. N.Y. 2005). Although no federal court of appeals has ruled on this issue to date, courts in the Eastern District of Michigan have thus far been unanimous in holding that courts do not have subject matter jurisdiction over claims seeking to compel an adjustment of status application. See, e.g., Shen v. Chertoff, 494 F. Supp. 2d 592 (E.D. Mich. 2007)

4

(Friedman, J.); *Kiromi v. USCIS*, No. 07-10446, 2007 WL 2049521 (E.D. Mich. July 13, 2007) (Cook, J.); *Xu v. Chertoff*, No. 06-CV-15398, 2007 WL 2221401 (E.D. Mich. July 31, 2007) (Steeh, J.); *Chehab v. Chertoff*, No. 07-11068, 2007 WL 2372356 (E.D. Mich. Aug. 17, 2007) (O'Meara, J.); *Kuchumov v. Chertoff*, No. 07-12277, 2007 2782045 (E.D. Mich. Sept. 24, 2007) (Duggan, J.); *Azadegan, et al v. Chertoff*, 07-CV-11238, 2007 WL 2822783 (E.D. Mich. Sept. 27, 2007) (Borman, J.).[2] For the reasons stated below, the court finds the latter group of cases more persuasive in their reasoning.

Although the court is not insensitive to the plight of Plaintiff and others in his position who must wait, sometimes several years, for a decision on their applications to adjust status, the court is not persuaded this it has subject matter jurisdiction over Plaintiff's claims. First, the Attorney General's authority to adjust the status of an alien admitted or paroled into the United States is within "his discretion and under such regulations as he may proscribe." 8 U.S.C. § 1255(a). Additionally, Congress has expressly precluded judicial review of any judgment regarding the granting of relief under § 1255 [adjustment of status] and any other discretionary "decision or action" of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §§ 1252(a)(2)(B)(i),

---

[2]In the recent decision in *Zalmout v. Gonzalez, et al.*, No. 07-12575, 2007 WL 3121532 (E.D. Mich. Oct. 24, 2007) (Duggan, J.), the court, after first noting that the Attorney General has discretion to dictate the pace at which adjustment of status applications are processed, also found that the INA imposes a duty upon Defendants to adjudicate all properly filed applications. *Zalmout*, 2007 WL 3121532 at *7-8. The court found that a four-year delay in adjudicating the plaintiff's application constituted abandonment of the defendants' duty to process the plaintiff's application. *Id.* at *8. The court ordered the parties to appear at a hearing to determine whether the defendants' abandonment was the cause of the delay or whether there was a specific and justifiable explanation for the inordinate delay. *Id.* at *9. The *Zalmout* decision does not undermine the court's present holding because this court has not found that the two-year delay involved in this case constitutes an abandonment.

5

(ii); *Shen*, 494 F. Supp. 2d at 596. In the court's view, § 1252 read in conjunction with § 1255 demonstrates a preclusion of judicial review of all agency action relating to I-485 applications, including whether the agency is processing the application in a reasonable time frame.

Notably, in other sections of the INA empowering the Attorney General to adjudicate an application, Congress has set forth a statutory time period for adjudication and an explicit provision granting applicants a right to judicial review upon the expiration of that time period. *See* 8 U.S.C. § 1447(b) (stating that applications for naturalization must be adjudicated within 120 days). That Congress has not provided a similar provision with respect to adjustment of status applications lends support to the court's present holding.

While the court understands the concerns of frustrated immigrant plaintiffs who want simply a resolution to their long-pending applications, imposing upon Defendants a deadline by which they must complete their adjudication is a policy determination more appropriately taken by the executive and legislative branches, not the courts. For the reasons set forth above, the court concludes that it lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff has therefore failed to state a claim against Defendants and his complaint will be dismissed. Accordingly,

IT IS ORDERED that Plaintiff's "Application to Proceed *In Forma Pauperis*" [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that the above-captioned case is DISMISSED.

                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: March 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2008, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522